BOYER, Chief Judge
(dissenting).
I respectfully dissent. Appellant is appealing an order of the trial judge denying appellant, the father of three children, relief by way of modification of a final judgment of dissolution of marriage by which appellant was, pursuant to his own improvident stipulation, required to pay child support payments which are now substantially beyond his ability. Certainly a father should, if at all possible, support his minor children. That obligation is not changed by dissolution of the marriage of the parents of the children. The children remain entitled to support. However, sub judice it appears that appellant initially undertook by his own stipulation to pay more support than he could afford. There has since been a change in circumstances by virtue of which his income has been reduced. Although the change in circumstances is to some degree attributable to appellant’s own actions, there is no indication that he had intentionally engineered a change in circumstances for the purpose of attempting to reduce his support obligations. Without a sufficient remainder to reasonably maintain himself appellant will be in no position to produce the income necessary to pay child suupport in any amount. I fully recognize and agree that fixing child support is usually left to the sound discretion of the trial judge: And rightly so. It appears, however, from the record in this case that appellant’s feet are smiply being held to the fire which it appears he built himself by entering into the initial stipulation. I would not kill the goose that lays the golden egg. In my view appellant is entitled to at least some relief in the form of reduction of his child support obligations in reasonable proportion to the reduction in his income since entry of the final judgment of dissolution. I would reverse with such directions.